UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA A. DuBOSE,<br><br>    Petitioner,<br><br>  v.<br><br>DERRAL G. ADAMS,<br><br>    Respondent. | No. 2:17-cv-0550 KJM KJN P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 20, 2019, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The court writes separately to address two issues raised by petitioner's objections. First, petitioner notes that "there is a misstatement" in the state court of appeals' statement of

facts. ECF No. 22 at 5. This observation is correct. The state court of appeals drew its statement of facts from the probation report. *See* ECF No. 20 at 3 (quoting ECF No. 15-1 at 3-10). The state court of appeals' statement of facts includes the following statement: "'According to defendant, a friend of Montgomery had left a handgun at the residence; when Montgomery asked defendant for it, she handed him the weapon, which was wrapped in a towel, but it accidentally fired, even though she did not have her finger on the trigger.'" ECF No. 20 at 4 (quoting ECF No. 15-1 at 3). Petitioner correctly points out that the probation report does not suggest petitioner handed the victim the gun: in relevant part, the probation report states:

> Just prior to being shot, Mr. Dubose asked her, "Where's that gun at?" In response, the defendant retrieved the weapon from under the mattress. She reported Mr. Dubose wanted the weapon out of their home, but she did not know why. She noted there was not a clip in the gun, and both she and Mr. Dubose were in the bedroom when she pulled out the gun. Mr. Dubose then stated, "Give me that fuckin' gun," to which the defendant responded, "Fine."
>
> The defendant asserted she and Mr. Dubose were not arguing at the time; however, Mr. Dubose was under the influence of methamphetamine. She reported she picked up the weapon, which was still wrapped in the towel, and began to walk toward Mr. Dubose. She did not have her hand "in the trigger or anything" when it discharged."

Lodged Document 1, Clerk's Transcript, at P0079. The statement of facts will be deemed amended to reflect that when the victim asked petitioner for the gun, which was wrapped in a towel, she began to walk toward him with the gun when it accidentally fired, even though she did not have her finger on the trigger. This amendment does not change the outcome of this case.

In addition, to the extent petitioner attempts in her objections to challenge the denial of her motion to withdraw her guilty plea, such a claim is not raised in her petition for writ of habeas corpus and will not be considered.

Finally, petitioner requests a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons set forth in the magistrate judge's findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, petitioner's request for a certificate of appealability will be denied.

        Accordingly, IT IS HEREBY ORDERED that:

    1.  As amended by this order, the findings and recommendations filed March 20, 2019, are adopted in full;

    2.  Petitioner's application for a writ of habeas corpus is denied; and

    3.  The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED:  February 18, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE